USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2022

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

JEFFREY SOLEIMANI and
JAN SOLEIMANI,

                Petitioners,

BERGI ANDONIAN and RENAISSANCE
CARPET & TAPESTRIES, INC.

                Respondents,

------------------------------------------------------------- X

Case No.: 21-cv-1018-GHW

**CORRECTED FINAL JUDGMENT**

      This Cause having come before the Court on Petitioners', Jeffrey Soleimani and Jan Soleimani, Petition to Confirm Arbitral Award and Respondent Bergi Andonian's Objections and Motion to Vacate Arbitral Award, and the Court having ruled on the Motions and the Parties' supporting documents;

      WHEREAS, Jan Soleimani, Jeffrey Soleimani, and Bergi Andonian own and operated Renaissance Carpet and Tapestries, Inc.;

      WHEREAS, Jan Soleimani, Jeffrey Soleimani, and Bergi Andonian agreed to appoint an arbitrator to divide Renaissance Carpet and Tapestries, Inc.'s assets and resolve other claims related to their business relationships;

      WHEREAS, the arbitrator issued a final award on January 7, 2021, as modified on February 26, 2021, resolving the arbitration ("Arbitration Award");

      WHEREAS, Jan Soleimani and Jeffrey Soleimani filed a Verified Petition to Confirm the Arbitration Award;

      WHEREAS, Bergi Andonian objected to the confirmation and filed a Motion to Vacate the Arbitration Award under §10(a)(4) of the Federal Arbitration Act;

The Court having found no grounds to vacate the Arbitration Award, thus confirming the Arbitration Award, except as modified in the Court's Memorandum Opinion and Order, dated March 10, 2022:

It is hereby **ORDERED, ADJUDGED, AND DECREED:** That Jeffrey and Jan Soleimani's Verified Petition to Confirm the Arbitration Award is **GRANTED**, except with respect to section VIII.H.1, of the award, which the Court **MODIFIES** under § 11 of the FAA, as described in detail below:

    1.    ADJUDGED that Jeffrey Soleimani is awarded a sum of $383,289.48 against Renaissance Carpet & Tapestries, plus interest since September 1, 2013 to be calculated at the Federal judgment rate in effect on March 14, 2022.

    2.    ADJUDGED that Renaissance Carpet & Tapestries is awarded a sum of $738,709.20 against Bergi Andonian, plus interest since September 1, 2013 to be calculated at the Federal judgment rate in effect on March 14, 2022.

    3.    ADJUDGED that Renaissance Carpet & Tapestries is awarded a sum of $996,463.42 against Bergi Andonian, without interest.

    4.    ADJUDGED that Bergi Andonian shall take all legally and practically necessary steps to arrange an auction in China within 90 days of the date of the confirmation of the Arbitration Award for any remaining property located there, as further specified in section V.E.1 of the Arbitration Award, unless the parties agree otherwise. The proceeds, net of any payments due to other parties, shall be paid to Renaissance Carpet & Tapestries for division among the

shareholders consistent with the Shareholder's Agreement: 45% to Jan Soleimani, 45% to Bergi Andonian, and 10% to Jeffrey Soleimani.

5. ADJUDGED that, if Bergi Andonian accepts Jan Soleimani and Jeffrey Soleimani's offer of $500,000 for the rights and property described in section V.E.2(a) of the Arbitration Award, Bergi Andonian shall use his best efforts to turn over the property described in section V.E.2(a) of the Arbitration Award to Jan Soleimani and Jeffrey Soleimani as soon as practicable thereafter upon payment by Jan Soleimani and Jeffrey Soleimani, with the exception of the classical paintings identified in paragraph 2(xv) of the Arbitration Award. Any amounts paid by Jan Soleimani and Jeffrey Soleimani to Renaissance Carpet & Tapestries pursuant to this paragraph 5 shall be divided in accordance with the Shareholder's Agreement: 45% to Jan Soleimani, 45% to Bergi Andonian, and 10% to Jeffrey Soleimani. If Jan Soleimani and Jeffrey Soleimani make any payments to Renaissance Carpet & Tapestries pursuant to this paragraph 5 by subtracting the purchase price from the total that Renaissance Carpet & Tapestries would otherwise pay to Jan Soleimani and Jeffrey Soleimani, the parties' entitlements shall be appropriately adjusted. If Bergi Andonian does not accept Jan Soleimani and Jeffrey Soleimani's offer of $500,000 for the rights and property described in section V.E.2(a) of the Arbitration Award, the property described in section V.E.2(a) of the Arbitration Award shall be auctioned at the time and manner set forth in Section V.E.2(b) of the Arbitration Award, unless the parties agree otherwise.

6.     ADJUDGED that the remaining miscellaneous property described in Section V.E.4 of the Arbitration Award shall be auctioned in the manner set forth in Section V.E.4 of the Arbitration Award, unless the parties agree otherwise.

7.     ADJUDGED that Bergi Andonian shall be solely responsible for the fees and expenses of the American Arbitration Association totaling $32,350.00 as well as the compensation and expenses of the Arbitrator totaling $58,440.00. Bergi Andonian shall pay the sum of $7,700 to Jeffrey and Jan Soleimani, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Jeffrey and Jan Soleimani. If Bergi Andonian fails to pay any amount due under this paragraph 7, Renaissance Carpet & Tapestries shall be responsible for making such payment, and this amount shall be deducted from any payment to Bergi Andonian on account of his shareholder's interest in Renaissance Carpet & Tapestries.

8.     ADJUDGED that, provided that Bergi Andonian is not in default of any obligations previously stated in paragraphs 1 through 7 above, Renaissance Carpet & Tapestries shall pay the balance of its funds, after receipt of all sums due from Bergi Andonian and from the acceptance of Respondents' offer or the disposition by auction or otherwise of its remaining property, to its shareholders in the percentages they are entitled to consistent with the Shareholder Agreement: 45% to Jan Soleimani, 45% to Bergi Andonian, and 10% to Jeffrey Soleimani.

9.     ADJUDGED that, pending the dissolution or winding up of Renaissance Carpet & Tapestries, Bergi Andonian is prohibited from using Renaissance Carpet & Tapestries' assets or property and from using the word

"Renaissance" in any trade name or company name related to the sale or manufacture of carpets.

It is further **ORDERED, ADJUDGED, AND DECREED:** That Bergi Andonian's motion to vacate the award under § 10 of the FAA is **DENIED**.

It is further **ORDERED, ADJUDGED, AND DECREED:** That the Judgment entered by the Clerk in this matter on March 14, 2022 (D.E. 38) is **VACATED** and that this Corrected Final Judgment is the sole operative document governing the disposition of this matter, provided, however, that the March 14, 2022, date of the hereby-vacated Judgment entered by the Clerk controls for purposes of calculating post-judgment interest.

Dated July __20__, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

5